UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE MURRIEL,

      Plaintiff,

vs.

Case No.   20-13183

Honorable Denise Page Hood

CITY OF DETROIT and
GARY ALLEN STEELE,

      Defendants.
_____/

**ORDER GRANTING DEFENDANT
GARY ALLEN STEELE'S MOTION TO
SET ASIDE DEFAULT [ECF No. 11]**

**I.   INTRODUCTION**

On February 17, 2021, the Clerk of Court entered a Clerk's Entry of Default against Defendant Gary Allen Steele ("Steele"). ECF No. 9. On March 2, 2021, Steele filed a Motion to Set Aside Default and Quash Service (the "Motion"). ECF No. 11. The Motion has been fully briefed.  On April 28, 2021, the Court held a hearing on the Motion.  For the reasons that follow, the Court grants the Motion.

**II.   BACKGROUND**

The Motion turns on whether Steele was properly served.  According to the

Request for Clerk's Entry of Default filed by Plaintiff, Plaintiff served Steele personally on December 23, 2020. In support of that contention, Plaintiff states that Steeele was served "with a summons and copy of the Complaint in accordance with the Court's summons issued for all Defendants, as shown in the proof of service [Dkt. No. 6] filed with the Court on December 28, 2020." ECF No. 8, PageID.40. The Proof of Service indicates that the process server, "M Stellman," "personally served the summons on" Steele at "6032 Ivy Glen Park[,] White Lake Twp, MI" on December 23, 2020 at 4:20 p.m. ECF No. 6, PageID.31. The summons was signed by Michael Stellman ("Stellman") on December 23, 2020. *Id.* Stellman represented in the Proof of Service that "I declare under the penalty of perjury that this information is true." *Id.* On February 17, 2021, the Clerk of the Court entered a Clerk's Entry of Default against Steele. ECF No. 9.

**III.   LEGAL STANDARD**

Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), an entry of default and a default judgment may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from judgment. *See also Burrell v. Henderson*, 434 F.3d 826 (6th Cir.

2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983). As set forth in *United Coin*, the Court also must determine that good cause exists for setting aside default judgment by assessing whether: (a) the plaintiff will be prejudiced; (c) the defendant has a meritorious defense; and (c) culpable conduct of the defendant led to the default. *Id.* at 845; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). The foregoing standards are applied more stringently under Rule 60(b) than Rule 55(c). *Shepard*, 796 F.2d at 194.

As the entry of default is a harsh sanction, "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. *United Coin*, 705 F.2d at 846; *Shepard*, 796 F.2d 193 (there is a strong preference for deciding cases on the merit rather than by default).

**IV. ANALYSIS**

Steele contends that the entry of default entered against him because there is clear and convincing evidence that he was never served.

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). As recently stated by another judge in Eastern District of Michigan:

> When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the

3

> default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).
>
> "**However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default**." *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). **Accordingly, "if service of process was not proper, the court must set aside an entry of default**." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

*Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936, at **5-6 (E.D. Mich. Feb. 22, 2016) (emphasis added).

In *United States v. Plesco*, No. 97-74042, 2012 U.S. Dist. LEXIS 71005, at *2 (E.D. Mich. May 22, 2012), the court adopted a report and recommendation ("R&R") to vacate a default judgment for improper service of process, explaining that "the R&R accurately articulates the law and presents a well-reasoned, persuasive analysis of the application of governing law to the facts of this case." As stated in the R&R:

> As an initial matter, "if service was improper, the default judgment is void and must be vacated" pursuant to Fed. R. Civ. P. 60(b)(4). *United States v. Murphy*, No. 99-1436, 2007 U.S. Dist. LEXIS 78020, at *5 (E.D.N.Y. Sept. 28, 2007). Indeed,

4

> The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper. *See Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a per se abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1376-77, 176 L.Ed.2d 158 (2010).

*Plesco*, 2012 U.S. Dist. LEXIS 71020, at *11-12 (collecting multiple Sixth Circuit and United States District Court cases within the Sixth Circuit holding the same). Plaintiff concedes that if service of process was not proper, then a court is empowered to set aside an entry of default. Citing *O.J. Distributing v Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

Steele argues that the Proof of Service filed by Stellman is premised on a misrepresentation or fraud, in two respects. Steele first argues, and Plaintiff concedes, that the address set forth by Stellman in the Proof of Service (6032 Ivy Glen Park, White Lake Township, Michigan) does not exist and that Steele lives at 8023 Ivy Glen Park, White Lake Township, Michigan. The Court does not find that error, in itself, to be fraudulent or material to the issue of whether Steele was properly or personally served.

Steele next represents that he was never personally served with the summons and complaint. Steele did not file an affidavit prior to the hearing, but he did submit

5

one after the hearing. ECF No. 16. In the affidavit, Steele avers that on the date and at the time that M Stellman declares that Stellman personally served Steele, Steele was not at his residence because he was driving a commercial truck in Ontario, Canada. *Id.* at ¶¶4-5. Steele has submitted documentation that supports that representation. *See* ECF No. 11, Ex. 2; ECF No. 18, Ex. 5. In his affidavit, Steele also attests that he was not personally served with a copy of the summons and complaint on December 23, 2020, or at any other time, *id.* at ¶6, nor is he aware that any other person was served with a copy of the summons and complaint on December 23, 2020. *Id.* at ¶7.

An affidavit submitted by Stellman after the hearing, ECF No. 17, indicates that Stellman did not physically hand the summons and complaint to any person but instead attached the summons and complaint to the front door after seeing and hearing a white male in the house who appeared to be Steele. *Id.* at ¶¶4-5.

In reviewing the affidavits and exhibit submitted post-hearing, the Court finds that there is no evidence Steele was personally served at his residence on December 23, 2020. Although the pictures submitted by Plaintiff suggest that Stellman was at Steele's residence on December 23, 2020 (and the Court will assume without deciding that Stellman was at Steele's resdidence that day), Stellman's affidavit does not establish that any person, Steele or otherwise, was properly served personally on December 23, 2020. Particularly when balanced with Steele's affidavit that he was

not personally served on December 23, 2020 (or any other date) and was in Canada at the time of the alleged service, the Court cannot conclude that Plaintiff effectuated proper service so of the summons and complaint on December 23, 2020 (or at any other time).

For these reasons, the Court grants Steele's Motion to Set Aside Default.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Steele's Motion to Set Aside Default Judgment [ECF No. 11] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **VACATE** the Clerk's Entry of Default [Dkt. No. 9].

IT IS FURTHER ORDERED that Plaintiff shall cause service of the summons and complaint to be made on Steele's counsel, Dora A. Brantley, on or before June 13, 2023.

DATED: May 23, 2023

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge